# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WANDA LETANG,**

        Plaintiff,

v.

**ROBERT L. WILKIE, JR. and DEPT. OF VETERAN AFFAIRS AGENCY,**

        Defendants.

**CIVIL ACTION NO.: 3:18-CV-95 (GROH)**

## AMENDED REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is Plaintiff Wanda Letang's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis and Motion [ECF No. 3] for Appointment of Counsel.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's Complaint be dismissed, without prejudice, and Plaintiff's remaining motions be denied as moot.

### II. PROCEDURAL HISTORY

In June 2018, Plaintiff filed the instant pro se Complaint alleging gender or race-based discrimination against Robert L. Wilkie, Jr. and the Department of Veterans

---

[1] These motions were referred to the undersigned by order dated June 18, 2018. Order of Referral, ECF No. 5.

Affairs Agency.[2] To compensate her for her damages, Plaintiff seeks compensatory and punitive damages, attorneys' fees, and any other relief that this Court deems appropriate. Less than a week later, the undersigned issued a Report and Recommendation that Plaintiff's Complaint be dismissed, without prejudice, because this Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims. Specifically, the R&R explained that this Court lacks jurisdiction because Plaintiff's Complaint makes no mention of first exhausting her administrative remedies with the U.S. Equal Employment Opportunity Commission ("EEOC") under 42 U.S.C. § 2000e-5(b). Plaintiff filed her timely objections to the R&R less than two weeks later. Attached to those objections is the EEOC's final decision on Plaintiff's administrative petition alleging Title VII discrimination. Because the EEOC's final decision gives this Court jurisdiction, the undersigned now issues this Amended Report and Recommendation addressing Plaintiff's Complaint on the merits.

### III. DISCUSSION

#### A. Legal Standard

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be

---

[2] See infra note 3.

granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Failure to State a Claim

Here, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Although Plaintiff's Complaint alleges that the Department of Veterans Affairs Agency engaged in race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012),[3] Plaintiff does not "allege facts sufficient to state all the elements of her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing citations omitted). Indeed, the facts alleged in her Complaint suggest that Plaintiff was fired because her supervising nurse failed to follow proper protocol. ECF No. 1 at 1–2. But those facts do not create the reasonable inference that Defendants engaged in race-based discrimination. If anything, they suggest that Plaintiff was fired for reporting a violation of protocol, not her race. And the facts recited in the EEOC's final decision offer Plaintiff no avail. There, the EEOC explained that Plaintiff was fired for patient abuse and conduct unbecoming of a federal employee. ECF No. 10-2 at 1–2. Specifically, the decision explains that Plaintiff's

---

[3] Although Plaintiff's Complaint does not specifically mention Title VII, the undersigned liberally construes Plaintiff's claims as Title VII claims because she alleges "discrimination" and cites 42 U.S.C. § 2000 et seq. And the EEOC's final decision makes it clear that Plaintiff alleges race-based discrimination. Here, it is also important to note that Plaintiff's Complaint makes no mention of Robert L. Wilkie, Jr. or the Department of Veterans Affairs Agency. Instead, she only mentions "VAMC" management, presumably referring to a "VA Medical Center." Although Plaintiff makes no mention of which VAMC she is referring to in her Complaint, the EEOC's final decision makes it clear that it is the VAMC in Martinsburg, West Virginia, making venue in this Court proper.

supervising nurse (the "Charge Nurse" or "CN") saw Plaintiff continuously speak to a crying patient (complaining of chest pain) with a raised voice until the supervising nurse intervened and requested Plaintiff to return with a piece of medical equipment. Id. Then, still in the presence of the crying patient, Plaintiff raised her voice with her supervising nurse, telling her to "calm down and leave me alone" and "leave me alone before I get written up." Id. at 2. Taken together, none of the facts alleged in Plaintiff's Complaint plead a facially-plausible claim of race-based discrimination. Instead, Plaintiff offers no more than "a sheer possibility" that Defendants have "acted unlawfully." Iqbal, 129 S. Ct. at 1949; see also Francis, 588 F.3d at 193. Because her Title VII claim alleging race-based discrimination is speculative at best, Plaintiff's Complaint must be dismissed without prejudice.

## IV. RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis and Motion [ECF No. 3] for Appointment of Counsel be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Wanda Letang may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will

result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 1st day of August, 2018.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE