**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**WANDA LETANG,**

    Plaintiff,

v.                                              **CIVIL ACTION NO.: 3:18-CV-95 (GROH)**

**ROBERT L. WILKIE, JR. and DEPT. OF VETERAN AFFAIRS AGENCY,**

    Defendants.

## ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION

Pending before this Court is the Amended Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on August 1, 2018. ECF No. 11. In his R&R, Magistrate Judge Trumble finds that Plaintiff's Complaint [ECF No. 1] fails to state a claim upon which relief can be granted. Accordingly, he recommends that Plaintiff's Complaint be dismissed without prejudice and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis and Motions [ECF No. 3 and 12] for Appointment of Counsel be denied as moot.

### I. Background

Wanda Letang ("Plaintiff") filed a complaint alleging gender or race based discrimination against Robert L. Wilkie, Jr. and the Department of Veterans Affairs Agency on June 14, 2018. ECF No. 1. Magistrate Judge Trumble issued his R&R to dismiss Plaintiff's complaint because Plaintiff did not provide proof that she first exhausted her remedies with the U.S. Equal Employment Opportunity Commission ("EEOC") under 42 U.S.C. § 2000e-5(b). ECF No. 6. Plaintiff filed timely objections to

the R&R, attaching a final decision from the EEOC in this matter. ECF No. 10-2. Having reviewed the Plaintiff's objections, Magistrate Judge Trumble entered an amended R&R on August 1, 2018. ECF No. 11.

## II. Standards of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the R&R to which objection is made. However, failure to file objections permits the district court to review the R&R under the standard that it believes to be appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Additionally, if the Plaintiff's objections simply "reiterate[] the same arguments made by the objecting party in [her] original papers submitted to the magistrate judge . . . the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260 (N.D.N.Y. 2012). Therefore, the Court will conduct a *de novo* review of those portions of the R&R to which a party makes new objections and will review the remaining portions of the R&R for clear error.

Pursuant to Magistrate Judge Trumble's R&R, as well as 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 6, objections were due within fourteen plus three days after entry of the R&R. The Plaintiff timely filed objections [ECF No. 17]. Accordingly, this Court will review any portion of the R&R to which the Plaintiff objects *de novo*. The Court will review the remainder of the R&R for clear error.

### III.  Discussion

#### A.  Applicable Law

##### 1.  Failure to State a Claim

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To that end, Federal Rule of Civil Procedure 8 articulates a pleading standard which "does not require detailed factual allegations, but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 677.  Thus, to survive dismissal, a complaint must offer more than "a sheer possibility that a defendant has acted unlawfully." Id.

##### 2.  Title VII Claims

Title VII prohibits an employer from "discharg[ing] any individual . . . because of such individual's race [or] sex . . . ." 42 U.S.C. § 2000e-2(a).  A Title VII plaintiff may prove a race or gender discrimination claim by either direct or circumstantial evidence. See U.S. Postal Serv. Bd. Of Governors v. Aikens, 460 U.S. 711, 714 n.3 (1983).  If direct evidence of discrimination is not alleged in the complaint, the elements of the plaintiff's prima facie Title VII discrimination claim must be established through the burden-shifting scheme. See McDonnell Douglas v. Green, 411 U.S. 792, 802-05 (1973) (establishing the burden-shifting test for Title VII discrimination claims).

Under the *McDonnell Douglas* framework, a plaintiff may establish a prima face case of discriminatory termination by showing that: "(1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applications outside the protected class." Hill v. Lockheed Logistics, 354 F.3d 277, 285 (4th Cir. 2004) (en banc), *abrogated on other grounds by* Univ. of Tx. Sw. Med. Ctr. V. Nasser, 133 S.Ct. 2517 (2013). If a plaintiff established a prima facie case, the burden of production shifts to the employer to set forth a legitimate, non-discriminatory reason for the termination. Id. If the employer does so, then the plaintiff may prevail only by establishing that the given reason is a mere pretext for discrimination.

**B. Analysis**

In this matter, Magistrate Judge Trumble found that Plaintiff has failed to allege facts that support her claim. The facts Plaintiff sets forth suggest she was fired because her supervising nurse failed to follow protocol. Further noted by Magistrate Judge Trumble, the EEOC's final decision sets forth that "Plaintiff was fired for patient abuse and conduct unbecoming of a federal employee." ECF No. 11 at 4. The facts in Plaintiff's complaint nor the EEOC's final decision support the inference that Defendants engaged in race-based discrimination.

Plaintiff objects to the R&R first, stating that "[i]t is a pretext to discrimination, to charge [Plaintiff], and not [the nurse], who in fact demonstrated the pretext by not following protocol." ECF No. 17 at 2. Additionally, Plaintiff objects to the R&R's finding

4

that she has not set forth enough facts to state a claim. Plaintiff argues that "[s]pecific facts are not necessary" and "there will be plenty of time for that after the defendants are served and answer the complaint . . . ." Id.

The Court first looks at whether Plaintiff has presented any direct evidence of discrimination. Here, Plaintiff fails to even mention in her complaint that she is alleging racial discrimination. This does not become clear until the EEOC's final decision. Magistrate Judge Trumble construed Plaintiff's claims as Title VII claims based on Plaintiff alleging she was discriminated against in her complaint and citing 42 U.S.C. § 2000 et seq. Additionally, as Magistrate Judge Trumble stated in his R&R, Plaintiff's complaint and the EEOC's final decision suggest Plaintiff was terminated for other reasons and not for discriminatory reasons based on her race. Plaintiff has not alleged any direct evidence of discrimination. These factual allegations do not lead to a reasonable inference of intentional discrimination. Instead, they constitute "naked assertions" largely "devoid of further factual enhancements." Iqbal, 556 U.S. at 678.

Finding that Plaintiff does not allege any direct evidence of discrimination, the Court determines if Plaintiff has established a prima facie Title VII discrimination claim through the burden-shifting scheme. Plaintiff attaches the EEOC's final decision as an exhibit to her objection to the first R&R. In this decision it states that Plaintiff "alleged that the Agency discriminated against her on the basis of race (African American) when . . . it proposed to remove her from federal employment." ECF No. 10-2. Therefore, Plaintiff has shown she is a member of a protected class and that she suffered an adverse employment action. However, Plaintiff has not shown that she was performing her job duties at a level that met her employer's legitimate expectations at the time of

the adverse employment action. As stated above, the EEOC's final decision suggest Plaintiff was terminated for patient abuse and conduct unbecoming of a federal employee. Furthermore, Plaintiff's Complaint suggests she was terminated for her supervisor not following proper protocol. Plaintiff argues that discrimination is apparent because her termination was based on the probationary nurse's word and there was no proof whatsoever of her patient abuse. However, even if the Court were to find Plaintiff showed she was performing satisfactorily, there are no facts regarding the position remaining open or being filled by someone outside her protected class. Because Plaintiff has not established a prima facie case of discriminatory termination or alleged any direct evidence of discrimination, the Court finds the Plaintiff has failed to plead facts that support a claim for relief.

## IV. Conclusion

Accordingly, it is the opinion of the Court that Magistrate Judge Trumble's Amended Report and Recommendation [ECF No. 11] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket. The Court further **ORDERS**, Plaintiff's Motion [ECF No. 2] for Leave to Proceed in Forma Pauperis and Motions [ECF No. 3 and 12] for Appointment of Counsel are **DENIED AS MOOT**.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and the *pro se* Plaintiff.

It is so **ORDERED**.

**DATED**: September 18, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE