# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WANDA LETANG,**

        Plaintiff,

v.                                      CIVIL ACTION NO.: 3:18-CV-95 (GROH)

**ROBERT L. WILKIE, JR. and DEPT. OF VETERAN AFFAIRS AGENCY,**

        Defendants.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Pending before the Court is Plaintiff Wanda Letang's ("Plaintiff") Amended Complaint [ECF No. 26], Sealed Motion for Leave to Proceed In Forma Pauperis [ECF No. 27], and Motion to Appoint Counsel [ECF No. 28].[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Amended Complaint [ECF No. 26] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's Amended Complaint be dismissed, without prejudice, and Plaintiff's remaining motions be denied as moot.

### II.  PROCEDURAL HISTORY

In June 2018, Plaintiff filed a pro se complaint ("original complaint") alleging race-

---

[1] These were referred to the undersigned by order dated April 29, 2019. Order of Referral, ECF No. 30.

based discrimination against Robert L. Wilkie, Jr. and the Department of Veterans Affairs Agency.[2] ECF No. 1. Less than a week later, the undersigned issued a Report and Recommendation ("R&R") that the original complaint be dismissed, without prejudice, because Plaintiff made no mention of whether she exhausted her administrative remedies with the U.S. Equal Employment Opportunity Commission ("EEOC") under 42 U.S.C. § 2000e-5(b). ECF No. 6. Plaintiff filed her timely objections to the R&R less than two weeks later. ECF No. 10. Attached to those objections was the EEOC's final decision on Plaintiff's administrative petition alleging Title VII discrimination. ECF No. 10-2. Having been presented with the EEOC's final decision, the undersigned reviewed Plaintiff's original complaint on the merits and issued an amended R&R, concluding that Plaintiff had failed to state a claim upon which relief could be granted. ECF No. 11.

Plaintiff filed objections to the amended R&R, but Chief District Judge Groh overruled Plaintiff's objections, adopted the amended R&R, and dismissed Plaintiff's original complaint, without prejudice, for failure to state a claim. ECF Nos. 17 & 18. Plaintiff appealed the dismissal of the original complaint to the Fourth Circuit, which dismissed the appeal for lack of jurisdiction but also remanded with instruction that Plaintiff be allowed to file an amended complaint. ECF No. 24, at 2. The Fourth Circuit issued its opinion and judgment on March 6, 2019. Plaintiff filed the instant amended complaint [ECF No. 26], motion for leave to proceed in forma pauperis [ECF No. 27], and motion to appoint counsel [ECF No. 28] on April 8, 2019, before the Fourth Circuit's mandate was entered on April 29, 2019. Attached to Plaintiff's amended complaint is the Fourth Circuit's per curiam opinion. ECF No. 26-1.

---

[2] See infra note 3.

Plaintiff's amended complaint is near-identical to her original complaint. The differences are as follows:

1. Substitution of "Title VII" for "42 U.S.C. 2000 et seq."
2. Addition of "All administrative remedies have been exhausted."
3. Addition of the words "a pretext" in "the claimant was exposed to a pretext to discrimination."
4. Addition of "The ignored protocol was the pretext to the discrimination."
5. Removal of "2. A doctor must be called to evaluate the patient."
6. Removal of two commas.
7. Correction of a typographical error.

### III.   DISCUSSION

#### A. Legal Standard

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324.

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Failure to State a Claim

Here, Plaintiff's amended complaint still fails to state a claim upon which relief can be granted. Plaintiff's amended complaint alleges that the Department of Veterans Affairs Agency engaged in race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012),[3] but Plaintiff does not "allege facts sufficient to state all the elements of her claim." Bass, 324 F.3d at 765. Plaintiff's amended complaint provides no additional facts to alter the undersigned's previous conclusion that she has failed to state a claim upon which relief can be granted.

Title VII of the Civil Rights Act makes it unlawful for an employer to "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). When evaluating a plaintiff's racial discrimination claims, absent direct evidence of discrimination, courts apply the burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Dooley v. Mylan Pharm., Inc., No. 1:13cv1, 2014 WL 1761924, at *4 (N. D. W. Va. Apr. 30, 2014). The McDonnell Douglas framework imposes on a plaintiff the initial burden of establishing a *prima facie* case of employment discrimination. Id. Once that *prima facie* case has been established, the burden shifts to the employer to articulate a nondiscriminatory reason for its action. Id. If the employer

---

[3] Plaintiff's amended complaint specifically mentions Title VII; however, it does not contain Plaintiff's final EEOC decision. The undersigned will liberally construe Plaintiff's amended complaint by also looking to Plaintiff's final EEOC decision [ECF No. 10-2], which was attached to her objections to the first R&R in this case. The EEOC's final decision makes it clear that Plaintiff alleges race-based discrimination.

establishes such a reason, the burden shifts back to the plaintiff to show that the reason articulated by the employer was merely a pretext or coverup for unlawful discrimination. Lewis v. Potter, No. 1:05cv34, 2007 WL 419374 (N. D. W. Va. Feb. 2, 2007). At the initial step of the burden-shifting framework, Plaintiff must plead the following elements: 1) that she is a member of a protected class; 2) that she performed her job satisfactorily; 3) that she suffered an adverse employment action; and 4) that her employer treated employees outside of her protected class differently. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Plaintiff does not identify her protected class in the amended complaint; however, looking to the EEOC decision, Plaintiff is a member of a protected class (i.e. African American). ECF No. 10-2, at 1. Plaintiff alleges in her amended complaint that she was wrongly terminated from employment on account of her race. ECF No. 26, at 2; see ECF No. 10-2, at 1. So, Plaintiff appears to have pleaded the first and third elements of the *prima facie* case of discrimination.

However, Plaintiff fails to plead any facts to establish the second and fourth elements of the *prima facie* case. The facts alleged in Plaintiff's amended complaint suggest that Plaintiff was fired because her supervising nurse failed to follow proper protocol. ECF No. 26, at 1–2. Plaintiff newly alleges that this ignored protocol was somehow a pretext to discrimination. Id. at 1. But these are not facts which create the reasonable inference that Plaintiff performed her job satisfactorily or that Plaintiff was treated differently than employees outside of her protected class. So, Plaintiff has failed to plead facts sufficient to make the initial showing of a *prima facie* case of discrimination.

Additionally, the facts recited in the EEOC's final decision offer Plaintiff no avail. There, the EEOC explained that Plaintiff was terminated for patient abuse and conduct unbecoming of a federal employee. ECF No. 10-2, at 1–2. Specifically, the decision explains that Plaintiff's supervising nurse (the "Charge Nurse" or "CN") saw Plaintiff continuously speak to a crying patient (complaining of chest pain) with a raised voice until the supervising nurse intervened and requested Plaintiff to return with a piece of medical equipment. Id. Then, still in the presence of the crying patient, Plaintiff raised her voice with her supervising nurse, telling her to "calm down and leave me alone" and "leave me alone before I get written up." Id. at 2.

In sum, considering Plaintiff's amended complaint and the EEOC decision, Plaintiff offers no more than "a sheer possibility" that Defendants have "acted unlawfully." Iqbal, 129 S. Ct. at 1949; see also Francis, 588 F.3d at 193. Because her Title VII claim alleging race-based discrimination fails to make the initial showing of a *prima facie* case of discrimination and is speculative at best, Plaintiff's amended complaint must be dismissed without prejudice.

## IV.    RECOMMENDATION

For the foregoing reasons, I find that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Amended Complaint [ECF No. 26] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Sealed Motion for Leave to Proceed In Forma Pauperis [ECF No. 27] and Motion to Appoint Counsel [ECF No. 28] be **DENIED AS MOOT**.

Plaintiff, Wanda Letang, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific**

**written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 6th day of May, 2019.

*[signature]*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE