# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WANDA LETANG,**

    Plaintiff,

v.                                        **CIVIL ACTION NO.: 3:18-CV-95 (GROH)**

**ROBERT L. WILKIE, JR. and**
**DEPARTMENT OF VETERANS**
**AFFAIRS AGENCY,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 31. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On May 6, 2019, Magistrate Judge Trumble issued his R&R recommending that the Court dismiss the Plaintiff's amended complaint without prejudice and deny her remaining motions as moot.

### I. Background

On June 14, 2018, Wanda Letang ("Plaintiff") filed a complaint alleging discrimination against Robert L. Wilkie, Jr. and the Department of Veterans Affairs Agency. ECF No. 1. The same day, the Plaintiff filed a motion for leave to proceed *in forma pauperis* and a motion to appoint counsel. ECF Nos. 2, 3. The Court entered an Order referring the matter to Magistrate Judge Trumble for issuance of a R&R. ECF No. 5. Magistrate Judge Trumble issued his R&R to dismiss the Plaintiff's complaint

because the Plaintiff did not provide proof that she first exhausted her administrative remedies with the U.S. Equal Employment Opportunity Commission ("EEOC") under 42 U.S.C. § 2000e-5(b).  ECF No. 6.  The Plaintiff filed objections to the R&R, attaching a final decision from the EEOC in this matter.  ECF No. 10-2.  Thereafter, Magistrate Judge Trumble entered an amended R&R to dismiss the Plaintiff's complaint for failure to state a claim.  ECF No. 11.  The Plaintiff timely filed her objections to the amended R&R.  ECF No. 17.  After reviewing the Plaintiff's objections, the Court adopted Magistrate Judge Trumble's amended R&R and dismissed the Plaintiff's complaint without prejudice.  ECF No. 18.  The Plaintiff appealed the Court's judgment.

On March 6, 2019, the Fourth Circuit Court of Appeals, dismissed the Plaintiff's appeal for lack of jurisdiction, but remanded the matter to the Court to allow the Plaintiff to file an amended complaint.[1]  On April 8, 2019, the Plaintiff filed an amended complaint[2] [ECF No. 26], motion for leave to proceed *in forma pauperis* [ECF No. 27] and motion to appoint counsel [ECF No. 28].  On April 29, 2019, the Fourth Circuit's mandate was entered.  ECF No. 29.  The same day, the Court referred the matter to Magistrate Judge Trumble for issuance of a R&R.  ECF No. 30.

## II.  Standards of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] The Fourth Circuit Court of Appeals noted, "[i]n this case, Letang could amend her complaint to allege a prima facie case of discrimination and establish a proper basis for federal jurisdiction."  ECF No. 24 at 2.

[2] As noted by Magistrate Judge Trumble in his R&R, the Plaintiff's amended complaint nearly mirrors her original complaint.  There are few changes, including: (1) substituting "Title VII" for 42 U.S.C. 2000 et seq." on page one; (2) addition of "All administrative remedies have been exhausted" on page one; (3) addition of the words "a pretext" in "the claimant was exposed to a pretext to discrimination" on page one; (4) addition of "The ignored protocol was the pretext to discrimination" on page one; (5) removal of "2. A doctor must be called to evaluate the patient"; (6) the removal of two commas within the complaint; and (7) the correction of a typographical error.  See ECF Nos. 1, 26 and 31.

However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail, return receipt requested, on May 6, 2019. ECF No. 31. The Plaintiff accepted service on May 13, 2019. ECF No. 33. The Plaintiff filed her objections on May 22, 2019. ECF No. 34. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

### III. Discussion

Magistrate Judge Trumble recommends that the Plaintiff's complaint be dismissed because she does not "allege facts sufficient to state all the elements of her claim." ECF No. 31 at 5. Specifically, Magistrate Judge Trumble found that the Plaintiff fails to allege any facts that create the reasonable inference that she performed her job satisfactorily or that she was treated differently than employees outside her protected class. Id. at 6.

The Plaintiff objects to the R&R "in its entirety." ECF No. 34 at 1. The Plaintiff supports her position by stating that "[t]he complaint states enough facts that taken as true entitles" her to relief and "[h]ow in [] the world can this court know without discovery

3

whether [] the facts taken in the complaint [are] true." Id. The Plaintiff has failed to present the court with any direct or circumstantial evidence of discrimination or to plead facts that could establish a prima facie case of discrimination. The Plaintiff's complaint sets out "naked assertions" largely "devoid of further factual enhancements." Iqbal, 556 U.S. at 678. Therefore, the Plaintiff's objections are hereby **OVERRULED**.

### IV. Conclusion

Accordingly, it is the opinion of the Court that Magistrate Judge Trumble's Amended Report and Recommendation [ECF No. 31] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Amended Complaint [ECF No. 26] be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket. The Court further **ORDERS** that the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 27] and Motion to Appoint Counsel [ECF No. 28] are **DENIED AS MOOT**.

The Clerk is further **DIRECTED** to transmit copies of this this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: July 9, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

4